Opinion filed December 20, 2007











 
 
  
 
 







 
 
  
 
 




Opinion filed December 20,
2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00218-CR

                                                    __________

 

                                 JAMES
R. MCALLISTER, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 88th District  Court

 

                                                          Hardin
County, Texas

 

                                                    Trial
Court Cause No. 17773

 



 

                                                                   O
P I N I O N

The
jury convicted James R. McAllister of driving while intoxicated as a third
offense and assessed his punishment at confinement for ten years and a $3,000
fine.  We affirm.








Appellant=s court-appointed counsel
has filed a motion to withdraw.  The motion is supported by a brief in which
counsel professionally and conscientiously examines the record and applicable
law and states that he has concluded that the appeal is frivolous.  Counsel has
provided appellant with a copy of the brief and advised appellant of his right
to review the record and file a response to counsel=s brief.  A response has been filed.
Court-appointed counsel has complied with the requirements of Anders v.
California, 386 U.S. 738 (1967); Stafford v. State, 813 S.W.2d 503
(Tex. Crim. App. 1991); High v. State, 573 S.W.2d 807 (Tex. Crim. App.
1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous
v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969); Eaden v. State, 161
S.W.3d 173 (Tex. App.CEastland
2005, no pet.).

In
his response, appellant contends that his sentence was improperly stacked
because the State did not timely file a motion to stack, that his trial counsel
was ineffective, that State=s
Exhibit No. 1 (peace officer=s
sworn report, completed statutory warning form, and completed notice of
suspension/temporary driving permit form) was improperly admitted because the
exhibit consisted of copies of these documents and not the originals, that the
evidence was insufficient because the Aalleged@ bottle recovered from his
vehicle was never introduced into evidence, that any testimony concerning the
bottle was hearsay, that the State did not elect which substance in the
definition of intoxication it was relying on, that the only evidence of any
intoxication was the testimony of the arresting officer, that there was no
testimony that anyone observed appellant driving, that the State made improper
comments in its closing arguments, that the prior DWI convictions were never
properly tied to him, that a reasonable doubt instruction was not given at the
punishment phase, and that the trial court failed to allow him to make a
mitigating statement as required under Fed.
R. Crim. P. 32(c)(3).  Appellant argues that he, therefore, did not
receive a fair and impartial trial.








The
record does not support appellant=s
contentions.  The record reflects that trial counsel provided reasonably
effective assistance of counsel.  Wiggins v. Smith, 539 U.S. 510, 520
(2003); Strickland v. Washington, 466 U.S. 668, 690 (1984); Andrews
v. State, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005); Hernandez v. State,
988 S.W.2d 770 (Tex. Crim. App. 1999).  The record also supports a strong
presumption that counsel=s
conduct fell within the wide range of reasonable professional assistance and
that, under the circumstances, the challenged action could well be considered
sound trial strategy.  Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim.
App. 2002); Stafford v. State, 813 S.W.2d 503, 508-09 (Tex. Crim. App.
1991).  The evidence is both legally and factually sufficient to support the
verdict.  Jackson v. Virginia, 443 U.S. 307 (1979); Watson v. State,
204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part Zuniga v.
State, 144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State, 23
S.W.3d 1, 10-11 (Tex. Crim. App. 2000); Jackson v. State, 17 S.W.3d 664
(Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407-08 (Tex.
Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996).  The State=s
arguments were within  the acceptable scope of closing arguments.  Jackson,
17 S.W.3d at 673.  The record further reflects that State=s Exhibit No. 1 was
properly authenticated, that the prior DWI convictions were tied to appellant, and
that the sentences were properly ordered to run consecutively.  We note that
the trial was conducted according to applicable provisions of the Texas Code of
Criminal Procedure, the Texas Penal Code, and the Texas Rules of Evidence.

All
of appellant=s
contentions and arguments have been considered.  Each is overruled.

Following
the procedures outlined in Anders, we have independently reviewed the
record, and we agree that the appeal is without merit.  We note that counsel
has the responsibility to advise appellant that he may file a petition for
discretionary review by the Texas Court of Criminal Appeals.  Ex parte Owens,
206 S.W.3d 670 (Tex. Crim. App. 2006).  Likewise, this court advises appellant
that he may file a petition for discretionary review pursuant to Tex. R. App. P. 66. Black v. State, 
217 S.W.3d 687 (Tex. App.CEastland
2007, no pet.). 

The
motion to withdraw is granted, and the judgment is affirmed.

 

PER CURIAM

 

December 20,
2007

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.